UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TED A. McCRACKEN,

                Plaintiff,         MEMORANDUM AND ORDER
                                          04-CV-5456 (JS)(ARL)
    -against-

JOSEPH M. NATALE, DIANNA C. McCRACKEN
NATALE,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Ted Aaron McCracken, pro se
                   15 Derry Drive
                   North Wales, PA 19454

For Defendants:    Robert C. Ekstrand, Esq.
                   811 Ninth Street
                   Suite 260
                   Durham, NC 27602

SEYBERT, District Judge:

       On December 16, 2004, pro se Plaintiff Ted A. McCracken ("Plaintiff") filed a Complaint against Joseph M. Natale ("Joseph Natale") and Dianna C. McCracken Natale ("Dianna Natale") (collectively "Defendants"). Pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

## BACKGROUND

       At the outset, the Court notes that Plaintiff's Complaint is difficult to parse through and contains numerous fantastical allegations. The facts listed herein are the best that can be

gleaned from Plaintiff's Complaint.

Defendant Diana Natale and Plaintiff were married in 1973, and subsequently had a daughter, Vanessa Fass. In October of 1977, Plaintiff was convicted of rape, sodomy, attempted murder, and tampering with a witness, and was sentenced to concurrent terms of ten and twenty years in prison.

In 1982, Plaintiff and Diana Natale divorced, and Diana Natale received custody of Vanessa Fass. Thereafter, Diana Natale married Defendant Joseph Natale. Plaintiff claims that during this time, Diana Natale purposely prevented Plaintiff from having visitation rights with his daughter. Plaintiff further claims that Joseph Natale "abducted" Vanessa Fass and took her to North Carolina to isolate her from her biological father.

After his release from prison, Plaintiff hired numerous private investigators, who ultimately provided Plaintiff with Defendants' address in North Carolina. Plaintiff traveled to Defendants' residence in North Carolina, and was met at the door by a "[C]aucasian male" who did not allow Plaintiff to see Dianna Natale, and refused to disclose Vanessa Fass's address. At this point, Plaintiff again retained a private investigator, who disclosed Vanessa Fass's address.

At some point, Plaintiff noticed "an extraordinary large number of males frequenting [Defendants'] residence throughout the day and night." (Comp. ¶ 43.) Because of his observations,

2

Plaintiff filed a criminal complaint in Wake County, North Carolina, against Defendants on January 14, 2004. Plaintiff's criminal complaint alleged that Defendants were engaging in prostitution. Plaintiff complains that Defendants raised Vanessa Fass in this unhealthy environment.

Plaintiff's Complaint alleges, <u>inter</u> <u>alia</u>, loss of his daughter's consortium, loss of his wife's consortium, alienation of affections, interference with his visitation rights, conspiracy, and alleges that Defendant Joseph Natale caused injuries to Dianna Natale. Plaintiff's Complaint also claims that Joseph Natale committed statutory rape against Vanessa Fass, and encouraged other adult males to engage in sexual relations with Plaintiff's biological daughter.

The Court takes judicial notice of the following additional facts. Defendants, Vanessa, and Vanessa's current husband, Daniel Fass, have sought and obtained several restraining orders against Plaintiff from Wake County state courts. Plaintiff has been informed on numerous occasions not to have any contact with Dianna Natale, Joseph Natale, Vanessa Fass, or Daniel Fass.

In 2004, Plaintiff filed a complaint nearly identical to the instant Complaint against Joseph Natale in the United States District Court for the Eastern District of North Carolina. Magistrate Judge James C. Dever III issued a Report and Recommendation on July 30, 2004 recommending that the court grant

Joseph Natale's motion for summary judgement. Magistrate Judge Dever found that Plaintiff lacked standing to sue for any alleged acts committed against his daughter or ex-wife, Plaintiff failed to present any competent evidence to establish his "extreme and bizarre allegations," and Plaintiff's claims were barred by the applicable North Carolina statute of limitations. Thereafter, Judge Terrence W. Boyle granted the motion for summary judgment, dismissed Plaintiff's case, and imposed sanctions upon Plaintiff pursuant to Federal Rule of Civil Procedure 11. Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the District Court's decision in its entirety.

Thereafter, Plaintiff filed a second, similar federal lawsuit in North Carolina against Daniel Fass. On June 18, 2005, Judge Boyle dismissed that complaint as frivolous and malicious, and prohibited Plaintiff from filing any further actions in the United States District Court for the Eastern District of North Carolina without first obtaining approval of the court. Plaintiff appealed, and the Fourth Circuit again affirmed the district court's decision.

On August 10, 2006, Plaintiff filed a complaint, before this Court against numerous individuals, including Joseph Natale, Dianna Natale, Daniel Fass, and President George W. Bush (the "2006 Complaint"). See McCracken v. Fass, et al., No. 06-CV-3892. Plaintiff's 2006 Complaint alleged, inter alia, that Defendants

forced Plaintiff's ex-wife and daughter to engage in sexual acts, the Federal Bureau of Investigations conspired to have Plaintiff married to Dianna Natale, and President Bush conspired to murder Plaintiff's first child and sexually exploited Vanessa Fass as repayment for a debt owed to the United States.  The 2006 Complaint also contained allegations virtually identical to those in the instant Complaint, i.e., that Dianna Natale abused her daughter, Joseph Natale interfered with Plaintiff's ability to visit his daughter and ex-wife, Joseph Natale and Dianna Natale raised Vanessa Fass in an unhealthy environment involving a prostitution business, and Joseph Natale abused Dianna Natale.  On October 10, 2006, this Court dismissed Plaintiff's complaint with prejudice, finding that Plaintiff's claims were fantastic, delusional, and not worthy of any further consideration.  See McCracken v. Fass, No. 06-CV-3892, 2006 U.S. Dist. LEXIS 77513 (E.D.N.Y. Oct. 10, 2006).

On December 16, 2004, Plaintiff filed the instant Complaint, and on September 17, 2008, Defendants moved to dismiss Plaintiff's Complaint on the grounds that Plaintiff lacks standing to assert some of the claims, Plaintiff is barred by collateral estoppel and by the statute of limitations, and Plaintiff fails to state a claim upon which relief can be granted.  For the reasons set forth below, the Court DISMISSES Plaintiff's Complaint.

DISCUSSION

I.  Standard Of Review

   A.  Rule 12(b)(6)

   On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The Complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). To be clear, on a motion to dismiss, the Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

   In applying this standard, the district court must accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

   In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). Additionally, the Court may examine "any written instrument attached to [the complaint] or any statements or

6

documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matter of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991). Consideration of materials beyond those just enumerated requires conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. See id.

II. Defendants' Motion to Dismiss is Granted

    A. Plaintiff Lacks Standing for Injuries Allegedly Inflicted on Others

The Court agrees with Defendants that Plaintiff does not have standing to seek redress for wrongs allegedly committed on his adult daughter and his ex-wife.

To bring suit, Article III, Section 2 of the United States Constitution requires that a person have standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Article III limits the jurisdiction of federal courts to claims that are "cases" or "controversies," and standing is an essential element of the case-or-controversy requirement. U.S. CONST. art. III, § 2; see also Arizonans for Official English v. Arizona, 520 U.S. 43, 64, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997).

"The essence of the standing inquiry is whether the parties seeking to invoke the court's jurisdiction have 'alleged

such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" Duke Power Co. v. Carolina Envtl. Study Group, 438 U.S. 59, 72, 98 S. Ct. 2620, 57 L. Ed. 2d 595 (1978) (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962)).

In order to satisfy the standing requirement, a plaintiff must meet an "irreducible constitutional minimum", which requires(1) that the plaintiff have suffered an injury in fact - an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of - the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Bennett v. Spear, 520 U.S. 154, 167, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (citing Lujan, 504 U.S. at 560-561).

Plaintiff alleges a number of injuries allegedly committed against his adult daughter and ex-wife. Plaintiff claims, among other things, that Defendants raised Vanessa Fass in an unfit environment due to Dianna Natale's alleged prostitution

and that Defendant Joseph Natale abused Dianna Natale. Plaintiff lacks standing to sue for these injuries, as they involve harm allegedly committed to third-parties, and not to Plaintiff. See Garel v. City of New York, No. 04-CV-3506, 2007 U.S. Dist. LEXIS 8536, at *3 (E.D.N.Y. Jan. 9, 2007) ("A plaintiff does not have standing to sue on behalf of another employee against whom an adverse employment action was taken.").

    B.    <u>Plaintiff's Claims are Barred by Res Judicata and Collateral Estoppel</u>

Plaintiff's claims are barred by the doctrine of <u>res judicata</u>. The doctrine of <u>res judicata</u> prevents a party from relitigating issues in a subsequent litigation that were or could have been brought in a prior action. Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L . Ed. 2d 308 (1980). "When a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" Tarka v. Time, Inc. Magazine Co., No. 90-CV-5348, 1991 U.S. Dist. LEXIS 343, at *13 (S.D.N.Y. Jan. 10, 1991) (quoting Commissioner v. Sunnen (1948) 333 U.S. 591, 597, 68 S. Ct. 715, 92 L. Ed. 898)

The doctrine of <u>res judicata</u> applies if "(1) there is a previous adjudication on the merits; (2) the previous action

involved [defendant] or its privy; and (3) the claims involved were or could have been raised in the previous action." Whelton v. Educ. Credit Mgmt. Corp., 432 F.3d 150, 155 (2d Cir. 2005) (citing Monahan v. N. Y. City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000)).

It is also well established that the Court may, though it is not obligated to, raise the defense of res judicata sua sponte. See New Phone Co., Inc. v. N.Y. City Dep't of Info. Tech. and Telecomm., No. 07-CV-2474, 2007 U.S. Dist. LEXIS 74693, at *55 (E.D.N.Y. Oct. 5, 2007) ("even when a party has failed to assert an affirmative defense . . . such as a res judicata defense, a court may nonetheless consider such an affirmative defense sua sponte.").

Here, Plaintiff filed a similar suit against Defendant Joseph Natale in the United States District Court for the Eastern District of North Carolina, which was dismissed by Judge Boyle, and filed a similar suit against both Defendants in this Court. Plaintiff's 2006 Complaint in this Court was dismissed with prejudice on the merits. The instant Complaint is against two Defendants that Plaintiff already named in his 2006 Complaint in this Court and is based on the same operative facts. Thus, Plaintiff's Complaint is barred by res judicata.

Plaintiff's claims are also barred by collateral estoppel. The doctrine of collateral estoppel applies when "(1) the issues in both proceedings are identical, (2) the issue in the

prior proceeding was 'actually litigated and actually decided,' (3) there was 'a full and fair opportunity for litigation in the prior proceeding,' and (4) the issues previously litigated were 'necessary to support a valid and final judgment on the merits.'" Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (quoting Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986)). Here, the issues in the instant Complaint are nearly identical to those in Plaintiff's 2006 Complaint before this Court, and to those in the two civil cases Plaintiff filed in the Eastern District of North Carolina. All of these cases dealt with issues presently before the Court, namely, whether Defendants raised Vanessa Fass in an environment involving prostitution, whether Defendants were abusive to Vanessa Fass, and whether Plaintiff was wrongfully deprived of his ability to visit his ex-wife and daughter. Plaintiff certainly had an opportunity to fully litigate and oppose the motion for summary judgment filed against him in his 2004 federal action in North Carolina. All of the issues previously litigated were necessary to support a valid and final judgment on the merits. Thus, Plaintiff's claims are also barred by collateral estoppel.

The fact that the instant Complaint was filed before Plaintiff's 2006 Complaint does not affect the Court's res judicata and claim preclusion findings because "irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other

11

as res judicata." Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 617, 46 S. Ct. 420; 70 L. Ed. 757 (1926). Although Plaintiff filed his 2006 Complaint after filing the instant action, the Court's dismissal in the 2006 action was rendered prior to its decision here, and thus is still binding on Plaintiff. See Alesayi Bev. Corp. v. Canada Dry Corp., 947 F. Supp. 658, 665 (S.D.N.Y. 1996) ("For res judicata purposes, it is not material that the [other] action was brought after [plaintiff] commenced the action presently before the court."); Volat v. Runyon, No. 91-CV-720A(H), 1996 U.S. Dist. LEXIS 21758, at *12 (W.D.N.Y. Aug. 22, 1996) (acknowledging that "a number of cases have applied res judicata to an action that was commenced prior to the action in which judgement was rendered."); Rashid v. Hazleton, No. 93-CV-1135, 1996 U.S. Dist. LEXIS 3048, at *11 (E.D. Pa. Mar. 14, 1996) ("[T]he collateral estoppel effect of a judgment is determined by the timing of the judgment, not by the timing of the complaint which led to the judgment.").

### C. Plaintiff's Complaint is Frivolous

The Court finds that Plaintiff's entire Complaint should also be dismissed as frivolous. Although Defendants do not raise frivolity in their motion to dismiss, "[t]he law in this circuit is that a district court may sua sponte dismiss a frivolous complaint even if the plaintiff has paid the filing fee." Pourzandvakil v. Humphry, No. 94-CV-1594, 1995 U.S. Dist. LEXIS 7136, at *28

(N.D.N.Y May 22, 1995); see also Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. N.Y. 2000) ("[D]istrict courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

Similar to Plaintiff's 2006 filing in this Court and in North Carolina, Plaintiff's Complaint is replete with fantastic and delusional scenarios which warrant dismissal of the Complaint with prejudice. See Tyler v. Carter, 151 F.R.D. at 540 ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."). This Court will not allow Plaintiff to ignore its earlier dismissal with prejudice by maintaining a virtually identical, and equally unsubstantiated, complaint against Defendants. The two Defendants in this case, and their immediate families, have been forced to defend themselves against Plaintiff's vicious accusations time and time again. The Court thus finds that Plaintiff's Complaint is malicious and frivolous, and DISMISSES it in its entirety. Moreover, the Clerk of the Court is directed not to accept any further filings from Plaintiff in this case without first obtaining approval from the Court.

III.     <u>Warning Of Injunction</u>

Plaintiff has filed numerous lawsuits against his ex-wife, her new husband, and his son-in-law. "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." <u>Hong Mai Sa v. Doe</u>, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted).

Plaintiff is cautioned that since his repeated filings relate to similar facts and issues, some of which the Court has already found to have been frivolous, further filings of any complaint, petition, or proceeding based upon the same facts and issues may result in the issuance of an order prohibiting Plaintiff from filing any future lawsuits in this Court without first obtaining leave of the Court. Plaintiff is advised that he must annex a copy of this Order to any complaint, petition, or pleading he seeks to file in the United States District Court for the Eastern District of New York henceforth. Plaintiff is further advised that failure to abide by any of the terms of this Order could result in the imposition of sanctions.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss and DISMISSES Plaintiff's Complaint

in its entirety.[1]  The Clerk of the Court is directed to send a copy of this Order to Plaintiff by regular first class mail and by certified mail, return receipt requested, and is instructed to close this case.  The Clerk of the Court is further directed not to accept any further filings from Plaintiff in this action without first obtaining approval from the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         December  17 , 2008

---

[1] Because the Court has already dismissed Plaintiff's Complaint, the Court declines to address Defendants' remaining arguments for dismissal.